LAWYERS FOR CLEAN WATER, INC.
Layne Friedrich (Bar No. 195431)
Email:  Layne@lawyersforcleanwater.com
Drevet Hunt (Bar No. 240487)
Email:  Drev@lawyersforcleanwater.com
1004-A O'Reilly Avenue
San Francisco, California 94129
Telephone: (415) 440-6520
Facsimile: (415) 440-4155

VENTURA COASTKEEPER
Jason Weiner (Bar No. 259264)
Email: jweiner.venturacoastkeeper@wishtoyo.org
3875-A Telegraph Rd. #423
Ventura, California 93003
Telephone: (805) 658-1120
Facsimile: (805) 258- 5135

JS-6

Attorneys for Plaintiffs
VENTURA COASTKEEPER,
a program of the WISHTOYO FOUNDATION, and
WISHTOYO FOUNDATION

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENTURA COASTKEEPER, a program of the Wishtoyo Foundation, and WISHTOYO FOUNDATION, a non-profit corporation<br><br>              Plaintiffs,<br>   v.<br>DISMANTLED VEHICLES AND RECORD SERVICE, INC., a California corporation; and DISMANTLED VEHICLES AND RECORD SERVICE, INC., doing business as VENTURA TRUCK ONLY,<br>          Defendants. | Case No. 2:11-cv-05295 DMG (AJWx)<br><br><br>**CONSENT DECREE** |

1    **WHEREAS,** the Wishtoyo Foundation is a 501(c)(3) non-profit public benefit

2    grassroots corporation organized under the laws of the State of California. The Wishtoyo

3    Foundation's mission is to preserve, protect and restore Chumash culture, the culture and

4    history of coastal communities, cultural resources, and the environment;

5    **WHEREAS,** Ventura Coastkeeper is a program of the Wishtoyo Foundation.

6    Ventura Coastkeeper's mission is to protect, preserve, and restore the ecological integrity

7    and water quality of Ventura County's inland water bodies, coastal waters and

8    watersheds;

9    **WHEREAS,** Ventura Coastkeeper and Wishtoyo Foundation are referred to herein

10   as ("Coastkeeper" or "Plaintiffs");

11   **WHEREAS,** the Ventura Truck Only facility is located at 918 Mission Rock Road,

12   Suite A, Santa Paula, California ("Ventura Truck Only Facility" or "Facility").  Ventura

13   Truck Only is a leasee of the real property owned by Tim Finnigan.

14   **WHEREAS,** the Ventura Truck Only Facility is owned and operated by Dismantled

15   Vehicles And Record Service, Inc., and Dismantled Vehicles And Record Service, Inc.,

16   doing business as Ventura Truck Only (hereinafter "Defendants");

17   **WHEREAS**, on April 20, 2011, Coastkeeper issued a sixty (60) day notice letter

18   ("Notice Letter") to Defendants, the United States Environmental Protection Agency

19   ("EPA"), EPA Region IX, the State Water Resources Control Board ("State Board"), and

20   the Regional Water Quality Control Board ("Regional Board"), with a notice of intent to

21   file suit for violations of the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et*

22   *seq.* ("Clean Water Act" or "CWA").  The Notice Letter alleged violations of the Clean

23   Water Act arising from Defendants' discharges of pollutants into receiving waters in

24   violation of National Pollution Discharge Elimination System ("NPDES") General Permit

25   No. CAS0000001 [State Board] Water Quality Order No. 92-12-DWQ, as amended by

26   Order No. 97-03-DWQ ("Storm Water Permit");

27   **WHEREAS**, on June 24, 2011, Coastkeeper filed a complaint against Defendants

28

in the United States District Court, Central District of California (Case No. CV 11-05295 DMG (AJWx) entitled *Ventura Coastkeeper, et al. v  Dismantled Vehicles And Record Service, Inc., et al.* ("Complaint");

WHEREAS, Defendants deny all allegations of the Complaint;

WHEREAS, Plaintiffs and Defendants (collectively referred to herein as the "Settling Parties" or "Parties") agree that it is in the Parties' mutual interest to enter into a Consent Decree setting forth terms and conditions appropriate to resolving the allegations set forth in the Complaint without further proceedings;

WHEREAS, all actions taken by Defendants pursuant to this Consent Decree shall be made in compliance with all applicable federal, state and local rules and regulations.

**NOW THEREFORE, IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

1.     The Court has jurisdiction over the subject matter of this action pursuant to Section 505(a)(1)(A) of the CWA, 33 U.S.C. § 1365(a)(1)(A);

2.     Venue is appropriate in the Central District of California pursuant to Section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), because the Facility at which the alleged violations took place is located within this District;

3.     The Complaint states a claim upon which relief may be granted against Defendants pursuant to Section 505 of the CWA, 33 U.S.C. § 1365;

4.     Plaintiffs have standing to bring this action; and

5.     The Court shall retain jurisdiction over this matter for purposes of interpreting, modifying or enforcing the terms of this Consent Decree, or as long thereafter as is necessary for the Court to resolve any motion to enforce this Consent Decree.

**I.     OBJECTIVES**

6.     It is the express purpose of the Parties entering into this Consent Decree to

further the objectives set forth in the CWA, 33 U.S.C. §§ 1251 *et seq*., and to resolve those CWA issues alleged by Coastkeeper in its Complaint.  In light of these objectives and as set forth fully below, Defendants agree, *inter alia*, to comply with the provisions of this Consent Decree and to comply with the requirements of the Storm Water Permit and all applicable provisions of the CWA.  Specifically, the Storm Water Permit requires that Best Management Practices ("BMPs") be developed and implemented to achieve Best Available Technology ("BAT") and the Best Conventional Pollutant Control Technology ("BCT"), and to achieve compliance with applicable water quality standards.

## II.   EFFECTIVE DATE AND TERMINATION DATE

7.     The term "Effective Date," as used in this Consent Decree, shall mean the last day for the United States Department of Justice and the United States Environmental Protection Agency (collectively "Federal Agencies") to comment on the Consent Decree, i.e., the 45th day following the Federal Agencies' receipt of the Consent Decree, or the date on which the Federal Agencies provide notice that they require no further review and the Court enters the final Consent Decree, whichever occurs earlier.

8.     This Consent Decree will terminate on its own terms three (3) years from the Effective Date, unless there is an ongoing, unresolved dispute regarding Defendants' compliance with this Consent Decree.

## III.   COMMITMENTS OF THE PARTIES

### A.   Initial Industrial Storm Water Pollution Control Measures

9.     As soon as possible, but no more than thirty (30) days after the Effective Date of this Consent Decree, Defendants shall revise their Storm Water Pollution Prevention Plan ("SWPPP") as required by the Stormwater Permit and Monitoring & Reporting Plan ("M&RP") as required by the Stormwater Permit to incorporate the requirements of the Storm Water Permit and this Consent Decree as set forth herein.

10.     As soon as possible, but no more than fifteen (15) days after the Effective Date of this Consent Decree, Defendants shall develop and implement BMPs in addition

to those required by this Consent Decree to prevent discharges or to reduce contamination in storm water discharged from the Facility sufficient to achieve the numeric limits detailed in Table 1 below.  All BMPs shall be set forth in the SWPPP.  Defendants shall implement the BMPs in order to comply with the provisions of this Consent Decree, and to comply with the requirements of the Storm Water Permit and all applicable provisions of the CWA at the Facility.  If the BMPs do not effectively prevent discharges or reduce contamination in storm water discharged from the Facility in a manner sufficient to achieve the Numeric Limits in Table 1, below, Defendants shall develop and implement additional BMPs pursuant to this Consent Decree.

    11.    Defendants shall take the following measures to control the discharge of pollutants from the Facility:

        a.  Within fifteen (15) days after the Effective Date, Defendants shall increase its sweeping of any paved surface to ensure that any paved areas are swept during the Wet Season at least once a week and at least 24 hours prior to any precipitation event where more than 0.1 inches of rain is predicted with a minimum likelihood of occurrence of 50% by the nearest National Oceanic and Atmospheric Administration or Santa Paula airport rain gauge, whichever is closer, and during the Dry Season at least once per month.  A log of all sweeping done shall be kept.

        b.  As soon as possible, and in no event later than January 31, 2012, Defendants shall install concrete curbs or berms to prevent storm water run-on to the Facility and to ensure only one storm water discharge point from the Facility.

        c.  As soon as possible, and in no event later than the January 31, 2012, Defendants shall ensure that all automobile dismantling at the Facility is conducted under a canopy or other cover adequate to prevent precipitation from contacting pollutant sources associated with the act of dismantling the vehicle (which includes, but is not limited to, the vehicle itself while being dismantled, and any portion of the ground where fluids or other materials spill or leak during dismantling).

d.  As soon as possible, and in no event later than January 31, 2012, all parts or other materials (other than doors and window glass) removed from a car prior to being sold shall be stored under cover where they will not come in contact with precipitation.

e.  As soon as possible, and in no event later than January 31, 2012, Defendants shall ensure that no portion of the parking lot used by Defendants at 918 Mission Rock Road is used for any of Defendants' auto dismantling.

f.  To ensure there are no unauthorized non-stormwater discharges, non-stormwater discharges from the Facility not authorized by the Storm Water Permit shall be considered a breach of this Consent Decree.

**B.    Reduction of Pollutants in Discharges**

12.    <u>Numeric Limits and Contaminant Reduction</u>.  Contaminants in discharges shall not exceed the limits ("Numeric Limits") in Table 1.[1]  The presence of any contaminant in any discharge from the Facility in excess of, or outside the range of, the Numeric Limits in Table 1 is a breach of this Consent Decree.  Defendants may discontinue sampling for Total Arsenic, Total Recoverable Mercury, Dissolved Cadmium, Dissolved Nickel, Dissolved Silver, and Chemical Oxygen Demand if any three (3) consecutive samples are below the Table 1 limit for the specific parameter.  Defendants may request a meet and confer with Plaintiffs regarding Table 1 Numeric Limits if either (a) a reissued Storm Water Permit contains numeric limits different from those in Table 1, or (b) it applies for and obtains dilution credits or a mixing zone for any of the parameters.

---

[1] Several of the Numeric Limits are hardness dependent.  They are expressed in Table 1 using an assumed hardness of 100 mg/l $CaCO_3$. Defendants shall adjust the limit using the methods provided in Appendix J of the 2008 EPA MSGP (Multi-Sector General Permit).

**Table 1**

| Contaminant | Limit<br>(All but pH expressed as mg/L; hardness dependent limits in bold) |
|---|---|
| Total Suspended Solids | 100 |
| Total Recoverable Copper | **0.0123** |
| Total Recoverable Lead | **0.069** |
| Total Recoverable Zinc | **0.110** |
| Oil and grease | 15 |
| Total Recoverable Aluminum | 0.750 |
| Total Arsenic | **0.1685** |
| Dissolved Cadmium | **0.0043** |
| Total Recoverable Iron | 1.0 |
| Total Recoverable Mercury | 0.0024 |
| Dissolved Nickel | **0.470** |
| Specific Conductance | **200** |
| Dissolved Silver | **0.0034** |
| Chemical Oxygen Demand | 120 |
| pH | 6.5 to 8.5 units |

13.   <u>Action Plan for Table 1 Exceedances.</u>  Defendants shall submit a plan for reducing and/or eliminating the discharge of pollutants ("Action Plan") if any sampling for any parameter during the Wet Season demonstrates that any parameter in any discharge from the Facility exceeds the applicable limit for any parameter found in Table 1. In any year that an Action Plan is required, it shall be submitted by June 30 following the Wet Season.

a.   <u>Action Plan Requirements.</u>  Each Action Plan submitted shall include at a minimum:  (1) the identification of the pollutant(s) discharged in excess of the Numeric Limit(s), (2) an assessment of the source of each pollutant exceedance, (3) a commitment to install a Stormceptor (or similar) or a media filtration treatment system sized and designed to treat all storm water discharges from the Facility (4) the identification of additional BMPs, that will be implemented to achieve compliance with the Numeric

Limit(s), and (5) time schedules for implementation of the proposed BMPs.  The time schedule(s) for implementation shall ensure that all BMPs are implemented as soon as possible, but in no case later than October 1 (prior to the next Wet Season).  Any time an Action Plan is completed after Coastkeeper's review of the Action Plan as set forth in paragraph 13(b) below, Defendants shall also revise its M&RP and SWPPP as applicable within thirty (30) days.

       b.  <u>Action Plan Review</u>.  Coastkeeper shall have thirty (30) days upon receipt of Defendants' Action Plan to provide Defendants with comments.  Defendants shall have until October 1 (prior to the next Wet Season) to implement any additional non-structural or structural BMPs agreed upon by Defendants and Coastkeeper.  Within fifteen (15) days from the date Coastkeeper comments on Defendants' Action Plan, Defendants shall provide Coastkeeper with a written explanation if Defendants refuses to develop and/or implement any of Coastkeeper's recommended additional BMPs.  Any disputes as to the adequacy of the Action Plan shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Section IV below.

       c.  If any structural BMPs require any agency approval, then Defendants shall contact Coastkeeper to request an extension of the deadline, if necessary, to implement the structural BMPs requiring agency approval.  Coastkeeper's consent to Defendants' requested extension shall not be unreasonably withheld.

       d.  Defendants shall notify Coastkeeper in writing when the Action Plan has been implemented.

    14.  <u>Action Plan for Year 3 Wet Season</u>.

       a.  If at the end of the 2013/2014 Wet Season, storm water sample results demonstrate that Defendants continue to discharge storm water containing pollutants exceeding the limits set forth in Table 1, Defendants agree to submit an Action Plan that complies with the requirements of Paragraph 13(a).

       b.  Action Plan for Year 3 Wet Season Review.  Coastkeeper shall have thirty

(30) days upon receipt of Defendants' Action Plan to provide Defendants with comments and additional BMPs as necessary.  Defendants shall have until October 1 (prior to the next Wet Season) to implement the Action Plan along with additional BMPs requested by Coastkeeper.

      c.   If any structural BMPs require any agency approval, then Defendants shall contact Coastkeeper to request an extension of the deadline, if necessary, to implement the structural BMPs requiring agency approval.  Coastkeeper's consent to Defendants' requested extension shall not be unreasonably withheld.

      d.   Defendants shall notify Coastkeeper in writing when the Action Plan has been implemented.

### C.    Sampling and Monitoring at the Ventura Truck Only Facility

15.   <u>Sample Analysis and Sample Frequency</u>.  Defendants shall collect storm water samples from each discharge location at the Facility from at least five (5) storm events per Wet Season (defined as October 1- May 31).  Defendants must sample their storm water discharge(s) from the first storm event in each Wet Season and must continue to sample storm water discharges from each storm event that produces a discharge until a total of five (5) storm events have been sampled.  Sampling is required during normal operating hours (which are 8 AM to 5 PM Monday to Friday; 8 AM to 1 PM Saturday), and during any other time when an employee qualified to collect a sample is present at the Facility.  Any failure to sample a discharge from each discharge location at the Facility until five (5) storm events per Wet Season have been sampled, including a failure to sample when storm conditions pose a significant risk of injury or death, shall be documented and submitted to Plaintiffs within five (5) days of the date a sample could have been collected but was not.  The Parties agree to meet and confer to determine whether a failure to sample based on an allegation that storm conditions pose a significant risk of injury or death constitutes a breach of this Consent Decree.

16.   Defendants shall analyze the samples for the constituents identified in Table

1.  Defendants shall select analytical limits such that, at a minimum, the method detection limits are below the Numeric Limits in Table 1.  Weck Laboratories, Inc., a California State certified laboratory located at 14859 East Clark Avenue, City of Industry, California, 91745-1396, shall perform all chemical analyses of samples collected, unless Defendants notify Coastkeeper they wish to use a different laboratory.  If Defendants wish to use a laboratory other than Weck Laboratories, Defendants shall select a laboratory that is open for delivery of samples at hours consistent with those maintained by Weck Laboratories and is able to achieve analytical limits such that, at a minimum, the method detection limits are below the Numeric Limits in Table 1.

17.   <u>Revising the M&RP.</u>  Within thirty (30) days of the Effective Date of this Consent Decree, Defendants shall revise their M&RP for the Facility to incorporate the requirements of this Consent Decree and the Storm Water Permit. The revised M&RP shall require that the samples taken from the Facility's storm water discharges pursuant to the Storm Water Permit are analyzed for the constituents identified in Table 1 in addition to any other constituents required by the Storm Water Permit.  Defendants shall submit the revised M&RP to Coastkeeper for review and comment as soon as it is completed but in any event no later than thirty (30) days after the Effective Date.  Coastkeeper shall provide comments, if any, to Defendants within thirty (30) days of receipt of the M&RP. Defendants shall incorporate Plaintiffs' comments into the M&RP, or shall justify in writing why any comment is not incorporated within thirty (30) days of receiving comments.  Any disputes over the adequacy of the revised M&RP shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Section IV below.

18.   <u>Additional Revisions to M&RP.</u>  Defendants shall revise the M&RP if there are any changes in the Facility's storm water discharge point(s), if either Defendants or Coastkeeper discovers a change in the Facility's storm water discharge point(s), or as applicable to incorporate sampling or monitoring changes in any Action Plan(s).

1    Defendants shall submit any revised M&RP to Coastkeeper for review and comment

2    within fifteen (15) days of completion.  Coastkeeper shall provide comments, if any, to

3    Defendants within thirty (30) days of receipt of any revised M&RP.  Defendants shall

4    incorporate Plaintiffs' comments into any revised M&RP, or shall justify in writing why

5    any comment is not incorporated within thirty (30) days of receiving comments.  Any

6    disputes as to the adequacy of the M&RP shall be resolved pursuant to the dispute

7    resolution provisions of this Consent Decree, set out in Section IV below.

8                **D.    Storm Water Pollution Prevention Plan**

9         19.    SWPPP Revisions.  Within thirty (30) days of the Effective Date of this

10   Consent Decree, Defendants shall revise the SWPPP to identify (1) current BMPs, (2)

11   BMPs developed pursuant to this Consent Decree and measures taken pursuant to

12   Paragraph 11 (a)-(f) of this Consent Decree to control the discharge of pollutants from the

13   Facility, (3) a description of all industrial activities, (4) corresponding potential pollutant

14   sources for industrial activities, and (5) a description of the potential pollutants from each

15   source.  Defendants shall submit the revised SWPPP to Coastkeeper for review and

16   comment as soon as it is completed, but in any event no later than thirty (30) days after

17   the Effective Date.  Coastkeeper shall provide comments, if any, to Defendants within

18   thirty (30) days of receipt of the SWPPP.  Defendants shall incorporate Plaintiffs'

19   comments into the SWPPP, or shall justify in writing why any comment is not

20   incorporated within thirty (30) days of receiving comments.  Any disputes as to the

21   adequacy of the revised SWPPP shall be resolved pursuant to the dispute resolution

22   provisions of this Consent Decree, set out in Section IV below.

23        20.    Additional Revisions to SWPPP.  Defendants shall revise the SWPPP as

24   necessary including but not limited to each time additional BMPs are developed to

25   achieve compliance with the terms of this Consent Decree and/or the Storm Water Permit,

26   each time Defendants anticipate any changes in the Facility's storm water discharge

27   point(s), and/or each time either Defendants or Coastkeeper discovers a change in the

28

Facility's storm water discharge point(s).  Defendants shall submit a revised SWPPP to Coastkeeper for review and comment as soon as it is completed but in any event no later than fifteen (15) days after additional BMPs are developed.  Coastkeeper shall provide comments, if any, to Defendants within thirty (30) days of receipt of any revised SWPPP. Defendants shall incorporate Plaintiffs' comments into any revised SWPPP, or shall justify in writing why any comment is not incorporated within thirty (30) days of receiving comments.  Any disputes as to the adequacy of any revised SWPPP shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Section IV below.

### E.    Employee Training

21.    Within thirty (30) days after the Effective Date, Defendants shall develop a training program, including any training materials needed for effective implementation of the training program ("Training Program").

22.    The Training Program shall ensure (1) that there are sufficient number of employees delegated to achieve compliance with the Storm Water Permit and this Consent Decree, and (2) that these employees are properly trained to perform the required compliance activities.  Such Training Program shall be specified in the SWPPP.

23.    The Training Program shall require specific training to include at least the following:

a.    <u>Non-Storm Water Discharge Training.</u>  Defendants shall train all employees on the Storm Water Permit's prohibition of non-storm water discharges so that employees know what non-storm water discharges are, how to detect them, and how to prevent them;

b.    <u>BMP Training.</u>  Defendants shall train all employees responsible for BMP implementation and maintenance to ensure that BMPs are used effectively to prevent the exposure, discharge, and/or treatment of storm water at the Facility, and in accordance with the manufacturer's instructions;

1        c.   <u>Sampling Training.</u>  Defendants shall train all individuals collecting

2  samples at the Facility pursuant to this Consent Decree or the Storm Water Permit on the

3  proper sampling protocols, including chain of custody requirements, to ensure storm

4  water and/or non-storm water samples are properly collected, stored, and submitted to a

5  certified laboratory;

6        d.   <u>Visual Observation Training.</u>  Defendants shall provide training to all

7  individuals performing visual observations at the Facility pursuant to this Consent Decree

8  and the Storm Water Permit.

9      24.   Training shall be provided by a private consultant or a representative of

10  Defendants familiar with the requirements of this Consent Decree and the Storm Water

11  Permit, and shall be repeated as necessary to ensure that all such employees are familiar

12  with the requirements of this Consent Decree, the Storm Water Permit, and the Facility's

13  SWPPP.  All new staff will receive this training before assuming responsibilities for

14  implementing the SWPPP or M&RP.

15      25.   Defendants shall maintain training records to document compliance with this

16  paragraph, and shall provide Coastkeeper with a copy of these records within fourteen

17  (14) days of receipt of a written request.

18      **F.**   **Compliance Monitoring and Reporting**

19      26.   <u>Site Inspections.</u>  Coastkeeper and its representatives may conduct two site

20  inspections ("Site Inspection") at the Facility each year that this Consent Decree is in

21  effect.  The Site Inspection(s) shall occur during normal business hours and Coastkeeper

22  shall provide Defendants and Defendants' Attorney and/or other representative selected

23  by Defendants, provided that Defendants have given Plaintiffs prior notice and contact

24  information for said representative, with notice of the Site Inspection no later than 4:00

25  PM the business day prior to the Site Inspection.  Notice will be provided by telephone

26  and electronic mail.  During the Site Inspection, Defendants shall allow Coastkeeper

27  and/or its representatives access to the Facility's SWPPP, M&RP, monitoring records,

28

and to all monitoring reports and data for the Facility.  During the Site Inspection, Defendants shall allow Coastkeeper and/or its representatives to collect samples of storm water or non-stormwater discharges at the Facility.

27.    <u>Coastkeeper's Compliance Monitoring</u>.  Defendants agree to compensate Coastkeeper for time to be spent by legal staff or technical consultants monitoring the Defendants' compliance with the Consent Decree.  To this end, Defendants shall pay Coastkeeper the sum of Two Thousand Five Hundred Dollars ($2,500.00).  Payment shall be made as set forth in paragraph 33 below.

28.    <u>Action Plan Payments</u>.  Anytime Defendants are required to submit an Action Plan to Coastkeeper, Defendants shall make an additional compliance monitoring payment in the amount of One-Thousand Dollars ($1,000) upon submission of the Action Plan.  All payments required under this paragraph shall be submitted and made payable to "Ventura Coastkeeper," addressed to Ventura Coastkeeper, 3875-A Telegraph Road #423, Ventura, California 93003, and sent via courier or overnight delivery.

29.    <u>Data Reporting</u>.  During the life of this Consent Decree, Defendants shall provide Coastkeeper with a copy of all compliance and monitoring data, including inspection reports, related to the Facility's coverage under the Storm Water Permit on a monthly basis.  Defendants shall provide Coastkeeper with all laboratory analyses related to sampling at the Facility within seven (7) days of Defendants' receipt of such information.

30.    <u>Document Provision</u>.  During the life of this Consent Decree, Defendants shall copy Coastkeeper on all documents and communications related to its compliance with the Storm Water Permit or storm water quality at the Facility that are submitted to the Regional Board, the State Board, and/or any State, local agency, county, or municipality.  Such reports and documents shall be provided to Coastkeeper concurrently as they are sent to the agencies and/or municipalities.  Any correspondence related to Defendants' compliance with the Storm Water Permit or storm water quality received by

1   Defendants from any regulatory agency, State or local agency, county, or municipality

2   shall be provided within three (3) business days of receipt by Defendants.

3   **G.      Environmental Project, Reimbursement of Litigation Fees and Costs,**

4   **and Stipulated Penalties**

5   31.     Environmental Project.  Defendants agree make a payment of One Thousand

6   Five Hundred Dollars ($1,500) to the Rose Foundation for Communities and the

7   Environment for a project related to water quality designed to analyze, reduce, prevent, or

8   otherwise mitigate the ecological effects of storm water and/or non-stormwater discharges

9   into the Santa Clara River and its Estuary.  Defendants shall make the mitigation payment

10  as set forth below in paragraph 33.

11  32.     Reimbursement of Plaintiffs' Fees and Costs.  Defendants agree to partially

12  reimburse Plaintiffs for their investigation fees and costs, consultant fees and costs,

13  reasonable attorneys' fees, and other costs incurred as a result of investigating and filing

14  the lawsuit, and negotiating a resolution of this matter in the amount of Eight Thousand

15  Two Hundred Dollars ($8,200.00).  Payment shall be made as set forth in paragraph 33

16  below.

17  33.     Defendants' monetary obligations in paragraphs 27, 31, and 32 total Twelve

18  Thousand Two Hundred Dollars ($12,200.00) and shall be made as follows:

19  Five Thousand Dollars ($5,000.00) upon execution of this Consent Decree;

20  Six Hundred ($600.00) each month beginning on March 1, 2012, for one year.

21  All payments shall be made payable to

22  "***Lawyers for Clean Water Attorney-Client Trust Account***"

23  and delivered by certified mail or overnight delivery to:

24

25  Lawyers for Clean Water, Inc.
26  1004-A O'Reilly Avenue
    San Francisco, California 94129

27  The total amount due for the "Environmental Project" shall be distributed to the Rose

28

1   Foundation within six (6) months of the Effective Date.  The compliance monitoring

2   funding and the reimbursement of fees and costs shall be made on a pro-rata basis.

3       34.   Stipulated Payment.  Defendants shall make a remediation payment of Six

4   Hundred Dollars ($600.00) for each missed deadline included in this Consent Decree.

5   Payments for a missed deadline shall be made for the restoration and/or improvement of

6   the watershed in the area affected by the Defendants' discharges and shall be awarded to

7   the Rose Foundation for Communities and the Environment, and mailed via certified mail

8   or overnight delivery to 6008 College Avenue Suite 10, Oakland, California 94618-1382.

9   Defendants agree to make the stipulated payment within thirty (30) days of a missed

10  deadline and make the payment via overnight delivery or by certified mail.  Defendants

11  shall provide Coastkeeper with a copy of each such payment at the time it is made.

12      35.   Interest Payments.  In the event of late payment of any of the sums due under

13  this Consent Decree, Defendants shall pay 7% APR interest to Coastkeeper, which shall

14  accrue from the first day past the date the sum was due until the date Defendants tender

15  payment.  All such payments shall be made payable to:

16      "Lawyers for Clean Water Attorney-Client Trust Account"

17  and delivered by certified mail or overnight delivery to:

18      Lawyers for Clean Water, Inc.
    1004-A O'Reilly Avenue
19  San Francisco, California 94129

20  **H.   Agency Review of Consent Decree**

21      36.   Plaintiffs shall submit this Consent Decree to the Federal Agencies within

22  three (3) days of the final signature of the Parties for agency review consistent with 40

23  C.F.R. § 135.5.  In the event that the Federal Agencies object to entry of this Consent

24  Decree, the Parties agree to meet and confer to attempt to resolve the issue(s) raised by

25  the Federal Agencies within a reasonable amount of time.

26  **IV.   DISPUTE RESOLUTION**

27      37.   This Court shall retain jurisdiction over this matter for the purposes of

28

adjudicating all disputes among the Parties that may arise under the provisions of this Consent Decree.  The Court shall have the power to enforce this Consent Decree with all available legal and equitable remedies, including contempt.

38.   <u>Meet and Confer</u>.  A party to this Consent Decree shall invoke the dispute resolution procedures of this Section by notifying all other Parties in writing of the matter(s) in dispute and of the party's proposal to resolve the dispute under this Section. The Parties shall then meet and confer in an attempt to resolve the dispute no later than fourteen (14) calendar days from the date of the notice.

39.   If the Parties cannot resolve a dispute by the end of the meet and confer process, the party initiating the dispute resolution provision may invoke formal dispute resolution by filing a request to reopen this case and a motion before the United States District Court for the Central District of California.  The Parties shall jointly apply to the Court for an expedited hearing schedule on the motion.

40.   Litigation costs and fees incurred in conducting meet and confers or otherwise addressing and/or resolving any dispute, including an alleged breach of this Consent Decree, shall be awarded in accord with the standard established by section 505 of the Clean Water Act, 33 U.S.C. § 1365, and case law interpreting that standard.

## V.   MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE

41.   In consideration of the above, upon the Effective Date of this Consent Decree, the Parties hereby fully release, except for claims for Defendants' failure to comply with this Consent Decree and as expressly provided below, each other and their respective successors, assigns, officers, agents, employees, and all persons, firms and corporations having an interest in them, from any and all alleged CWA violations claimed in the Amended Complaint, up to and including the Effective Date of this Consent Decree.

42.   Nothing in this Consent Decree limits or otherwise affects Plaintiffs' right to address or take any position that it deems necessary or appropriate in any formal or

1  informal proceeding before the Regional Board, EPA, or any other judicial or
2  administrative body on any other matter relating to Defendants.

3       43.    Neither the Consent Decree nor any payment pursuant to the Consent Decree
4  shall constitute or be construed as a finding, adjudication, or acknowledgement of any
5  fact, law or liability, nor shall it be construed as an admission of violation of any law,
6  rule, or regulation.  Defendants maintain and reserve all defenses they may have to any
7  alleged violations that may be raised in the future.

8       44.    Force Majeure.  Defendants shall notify Coastkeeper pursuant to the terms of
9  this paragraph, when timely implementation of the requirements set forth in this Consent
10 Decree becomes impossible, despite the timely good-faith efforts of Defendants, due to
11 circumstances beyond the reasonable control of Defendants or their agents, and which
12 could not have been reasonably foreseen and prevented by the exercise of due diligence
13 by Defendants.  In no circumstances shall a claim of inability to pay be considered Force
14 Majeure.

15      a.  If Defendants claims impossibility, they shall notify Coastkeeper in writing
16 within twenty-one (21) days of the date that Defendants first knew of the event or
17 circumstance that caused or would cause a violation of this Consent Decree.  The notice
18 shall describe the reason for the nonperformance and specifically refer to this Section.  It
19 shall describe the anticipated length of time the delay may persist, the cause or causes of
20 the delay, the measures taken or to be taken by Defendants to prevent or minimize the
21 delay, the schedule by which the measures will be implemented, and the anticipated date
22 of compliance.  Defendants shall adopt all reasonable measures to avoid and minimize
23 such delays.

24      b.  The Parties shall meet and confer in good-faith concerning the non-
25 performance and, where the Parties concur that performance was or is impossible, despite
26 the timely good faith efforts of Defendants, due to circumstances beyond the control of
27 Defendants that could not have been reasonably foreseen and prevented by the exercise of

28

due diligence by Defendants, new deadlines shall be established.

       c.  If Coastkeeper disagrees with Defendants' notice, or in the event that the Parties cannot timely agree on the terms of new performance deadlines or requirements, either party shall have the right to invoke the Dispute Resolution Procedure pursuant to Section IV.  In such proceeding, Defendants shall bear the burden of proving that any delay in performance of any requirement of this Consent Decree was caused or will be caused by force majeure and the extent of any delay attributable to such circumstances.

## VI.    MISCELLANEOUS PROVISIONS

    45.    <u>Construction</u>.  The language in all parts of this Consent Decree shall be construed according to its plain and ordinary meaning, except as to those terms defined in the Storm Water Permit, the Clean Water Act, or specifically herein.

    46.    <u>Choice of Law</u>.  The laws of the United States shall govern this Consent Decree.

    47.    <u>Severability</u>.  In the event that any provision, paragraph, section, or sentence of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

    48.    <u>Correspondence</u>.  All notices required herein or any other correspondence pertaining to this Consent Decree shall be sent by regular mail and electronic mail as follows:

    If to Plaintiffs:

    Jason Weiner
    Staff Attorney
    Wishtoyo Foundation / Ventura Coastkeeper
    3875-A Telegraph Road #423
    Ventura, CA 93003
    jweiner.venturacoastkeeper@wishtoyo.org

    If to Defendant:

Nediljko Billaver
918 Mission Rock Road, Suite A
Santa Paula, CA 93060

With copies to:

Vera A. Livingstone
Livingstone & Associates
1850 Fifth Avenue
San Diego, CA 92101

Notifications of communications shall be deemed submitted three (3) days after the date that they are postmarked and sent by first-class mail or immediately after acknowledgement of receipt via email by the receiving party.  Any change of address or addresses shall be communicated in the manner described above for giving notices.

49.  <u>Effect of Consent Decree</u>.  Plaintiffs do not, by its consent to this Consent Decree, warrant or aver in any manner that Defendants' compliance with this Consent Decree will constitute or result in compliance with any federal or state law or regulation. Nothing in this Consent Decree shall be construed to affect or limit in any way the obligation of Defendants to comply with all federal, state, and local laws and regulations governing any activity required by this Consent Decree.

50.  <u>Counterparts</u>.  This Consent Decree may be executed in any number of counterparts, all of which together shall constitute one original document.  Telecopy and/or facsimile copies of original signature shall be deemed to be originally executed counterparts of this Consent Decree.

51.  <u>Modification of the Consent Decree</u>.  This Consent Decree, and any provisions herein, may not be changed, waived, discharged, or terminated unless by a written instrument, signed by the Parties.

52.  <u>Full Settlement</u>.  This Consent Decree constitutes a full and final settlement of this matter.

53.  <u>Integration Clause</u>.  This is an integrated Consent Decree.  This Consent

Decree is intended to be a full and complete statement of the terms of the agreement between the parties and expressly supersedes any and all prior oral or written agreements covenants, representations, and warranties (express or implied) concerning the subject matter of this Consent Decree.

54. <u>Authority</u>. The undersigned representatives for Plaintiffs and Defendants each certify that he/she is fully authorized by the party whom he/she represents to enter into the terms and conditions of this Consent Decree.

55. The provisions of this Consent Decree apply to and bind the Parties, including any successors or assigns. The Parties certify that their undersigned representatives are fully authorized to enter into this Consent Decree, to execute it on behalf of the Parties, and to legally bind the Parties to its terms.

56. The Parties agree to be bound by this Consent Decree and not to contest its validity in any subsequent proceeding to implement or enforce its terms. By entering into this Consent Decree, Defendants do not admit liability for any purpose as to any allegation or matter arising out of this Action.

The undersigned representatives for Coastkeeper and Defendants each certify that he/she is fully authorized by the party whom he/she represents to enter into the terms and conditions of this Consent Decree and that this Consent Decree binds that party.

IN WITNESS WHEREOF, the undersigned have executed this Consent Decree as of the date first set forth above.

APPROVED AS TO FORM:

LIVINGSTONE & ASSOCIATES

Dated: December 28, 2011              /s/ Vera Livingstone (authorized on 12/28/11)
                                      Vera A. Livingstone
                                      Livingstone & Associates
                                      Attorney for Defendant

1

2                                          LAWYERS FOR CLEAN WATER, INC.

3

4   Dated: December 29, 2011            /s/ Layne Friedrich (authorized on 12/29/11)

5                                          Layne Friedrich
                                           Lawyers for Clean Water, Inc.
6                                          Attorney for Plaintiffs

7                                          WISHTOYO FOUNDATION AND
8                                          VENTURA COASTKEEPER

9

10  Dated: December 30, 2011            /s/ Jason Weiner (authorized on 12/30/11)

11                                         Jason Weiner
                                           Staff Attorney for Plaintiffs
12

13

14

15  APPROVED AS TO CONTENT:

16                                         VENTURA COASTKEEPER AND
17                                         WISHTOYO FOUNDATION

18

19  Dated: December 31, 2011            /s/ Mati Waiya (authorized on 12/31/11)

20                                         Mati Waiya, Executive Director
                                           Ventura Coastkeeper and
21                                         Wishtoyo Foundation

22

23

24

25

26

27

28

1

2        DISMANTLED VEHICLES RECORD
         SERVICES, INC.
3

4

5    Dated: December 28, 2011          /s/ Nediljko Bilaver (authorized on 12/28/11)
                                        Nediljko Billaver, Owner
6                                       DISMANTLED VEHICLES AND
                                        RECORD SERVICE, INC., doing business
7                                       as VENTURA TRUCK ONLY

8

9

10

11   **IT IS SO ORDERED.**

12

13   DATE:  March 7, 2012

14                                   _____
                                     DOLLY M. GEE
15                                   UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28